**IT IS ORDERED as set forth below:**



**Date: April 5, 2018**

_Wendy L. Hagenau_
_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-54770-WLH |
| COLLEEN PATRICIA BRANNON, | CHAPTER 7 |
| Debtor. | |
| JASON L. PETTIE, CHAPTER 7 TRUSTEE FOR THE ESTATE OF COLLEEN PATRICIA BRANNON, | ADVERSARY PROCEEDING NO. 16-5212-WLH |
| Plaintiff, | |
| v. | |
| COLLEEN PATRICIA BRANNON, BENJAMIN T. POLK, AND REGIONS BANK, | |
| Defendants. | |

1

## ORDER GRANTING SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (the "Motion"). Plaintiff seeks to avoid and recover a transfer of property set out in a divorce decree. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

### I.     FACTS

Plaintiff filed the Motion on February 9, 2018 and included a Statement of Undisputed Facts. Defendant Benjamin T. Polk ("Polk") did not respond to the Motion and did not dispute the Statement of Undisputed Facts and has therefore admitted the facts identified therein. BLR 7056–1(a)(2).

Debtor and Polk purchased real property at 3291 Zingara Road NE, Conyers, Rockdale County, Georgia 30094 (the "Property"). The property was titled in both their names, and the warranty deed was recorded on the real property records with the Superior Court of Rockdale County on October 23, 2002. The Property was encumbered by two security deeds, the first of which has been declared unenforceable and not a valid lien on the Property and any sales proceeds. (Doc. No. 17.) The second lien represents a revolving line of credit and has a loan payoff of approximately $34,760. The Debtor valued the Property at $108,000 in her bankruptcy schedules. Plaintiff alleges the Property has been valued between $121,785 and $146,040.

The parties divorced and the Superior Court of Rockdale County entered an Amended and Final Judgment and Decree on June 12, 2015 (the "Divorce Decree"). The Divorce Decree provides: "The marital home located at 3291 Zingara Road, Conyers, Rockdale County, Georgia 30012, which is titled solely in the Husband's name, is hereby awarded to the Husband . . . free and clear of any clam by the Wife." While the Divorce Decree contemplates a conveyance of

2

Debtor's one-half interest to Polk (the "Transfer"), Debtor did not execute and did not record a quit claim deed to Polk conveying her one-half interest in the Property. Neither the Divorce Decree nor a notice of *lis pendens* was recorded in the real estate records.

Debtor filed a Chapter 7 bankruptcy petition on March 15, 2016. Plaintiff filed the Complaint on September 7, 2016 and an Amended Complaint on June 29, 2017. Plaintiff alleges any interest Polk acquired in the Property under the Divorce Decree is subject to avoidance. Plaintiff seeks to avoid the Transfer pursuant to sections 544(a)(3) and 548(a)(1)(B) of the Bankruptcy Code; to find Polk liable for the Transfer pursuant to section 550 of the Bankruptcy Code; to preserve the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551; authorization to sell the Property pursuant to 11 U.S.C. § 363(h); and an order directing Polk to turn over the Property to Plaintiff. Polk answered the Complaint and the Amended Complaint asserting he is the sole owner of the Property pursuant to the Divorce Decree and Plaintiff has no interest in the Property.

Although the Motion is deemed unopposed pursuant to Local Rule 7007-1(c), the Court must determine the propriety of granting the motion. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Having read and considered the Motion, the Court finds partial summary judgment is appropriate.

## II.      SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material."

3

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden of proving there are no disputes as to any material facts.  Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.

Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings.  Fed. R. Civ. P. 56(e).  Rather, the nonmoving party must present specific facts to demonstrate there is a genuine dispute over material facts.  Hairston, 9 F.3d at 918.  When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party.  Id.

## III.    APPLICABLE LAW

### a.   Count II: Avoidance of Transfer Pursuant to 11 U.S.C. § 544(a)(3)

Plaintiff alleges the Transfer is avoidable pursuant to section 544(a)(3) of the Bankruptcy Code.[1]

Section 544(a) of the Bankruptcy Code allows a trustee to avoid any transfer of property of the debtor that is voidable by a hypothetical creditor that extends credit to the debtor as of the petition date and obtains either a judicial lien or an execution against the debtor.  The section provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

---

[1]  Plaintiff also seeks, in the alternative, to avoid the Transfer under section 548 of the Bankruptcy Code.  Because the Court finds there is no genuine issue of material fact the Transfer is avoidable pursuant to section 544(a)(3) of the Bankruptcy Code, the Court declines to consider Count III.

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfers to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).  The trustee need not identify a specific creditor with a cause of action in order to recover under section 544(a).

Since Plaintiff holds the rights of a bona fide purchaser as of the Petition Date, the Court must determine the rights of a bona fide purchaser under Georgia law.  Georgia law provides, "A deed may be recorded at any time; but a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed without notice of the existence of the prior deed."  O.C.G.A. § 44–2–1.  Further, "every unrecorded voluntary deed or conveyance of land made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary deed or conveyance."  O.C.GA. § 44–2–3.

Under Georgia law, "a bona fide purchaser for value is protected against outstanding interests in land of which the purchaser has no notice."  Montgomery v. Barrow, 692 S.E.2d 351, 352 (Ga. 2010) (citing Farris v. Nationsbanc Mtg. Corp., 493 S.E.2d 143, 145 (Ga. 1997)).  As to notice, "any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior unrecorded deed.  And a younger deed, taken with such notice, acquires no preference by being recorded in due time."  Id. (citing Price v. Watts, 158 S.E.2d 406, 407 (Ga. 1967)).  Further, "notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led."  R.W. Holdco, Inc. v. SCI/RW Holdco, Inc., 551 S.E.2d 825, 827 (Ga. App. 2001) (citing O.C.G.A. § 23–1–17).  Georgia courts have explained, "[O]ne claiming title to lands is chargeable with notice of every matter which appears in his deed, and of

5

any matters which appear on the face of any deed, decree or other instrument forming an essential link in the chain of instruments through which he deraigns title, and of whatever matters he would have learned by any inquiry which the recitals of those instruments made it his duty to pursue." Henson v. Bridges, 126 S.E.2d 226, 228 (Ga. 1962); *see also* Virginia Highland Civic Assoc., Inc. v. Paces Props., Inc., 550 S.E.2d 128 (Ga. App. 2001) (agreement not recorded within the property's chain of title does not provide inquiry notice to bona fide purchaser). A *lis pendens* was not filed in this case, however.

Georgia law provides transfers of real estate must be recorded. O.C.G.A. § 44–2–3. The recording statute covers conveyances made by judgments of divorce. Therefore, a divorce decree must be registered to be effective as a conveyance of real property against creditors and bona fide purchasers of the property. While an unrecorded conveyance is generally not effective, the filing of a *lis pendens* may serve to protect the vested interest in marital property acquired by a spouse in a divorce from avoidance because, under Georgia law, a valid notice of *lis pendens* can provide constructive notice of a pending divorce action. *See* Vance v. Lomas Mortg. U.S., 426 S.E.2d 873, 875 (Ga. 1993) (holding a *lis pendens* filed pursuant to O.C.G.A. § 44-14-610 is effective as constructive notice of the action until a final judgment has been entered in the action).

Plaintiff seeks to avoid the conveyance of the Property to Polk. Polk contends he is the sole owner of the Property pursuant to the Divorce Decree and Plaintiff has no interest in the Property. The Court disagrees. As a leading treatise explains, even after a divorce court awards property to a spouse, that spouse's rights may be preempted by a trustee in bankruptcy. 1-7 Collier Family Law and the Bankruptcy Code P 7.06 (2017).

Other courts considering similar facts have concluded a trustee's strong-arm powers under section 544(a) create an interest superior to an unrecorded, pre-petition divorce decree that

6

transfers real property between a debtor and her spouse.   For example, in <u>Mostoller v. Kelley (In re Kelley)</u>, 304 B.R. 331 (Bankr. E.D. Tenn. 2003), the bankruptcy court found, under Tennessee law, "an unregistered decree [is] not the equivalent of a registered deed, and [is] therefore ineffectual as against creditors." <u>Id.</u> at 336-37.   The court explained, to be effective as a conveyance of real property against creditors and bona fide purchasers of the property, a divorce decree must be registered.  <u>Id.</u> at 337.  The court found the rights of the Chapter 7 trustee defeated the rights of the holder of an unrecorded divorce decree as to the real property in question and, accordingly, the debtor's bankruptcy estate possessed an undivided one-half interest in the real property.

The bankruptcy court in <u>In re Golemo</u>, 494 B.R. 588 (Bankr. D. Mass. 2013), looked to Massachusetts law and reached the same conclusion: the trustee could avoid a transfer in an unrecorded divorce decree.  The parties entered a divorce decree ordering the debtor to transfer all of his interest in real estate to his spouse.  Neither the debtor nor his ex-wife recorded the decree with the registry of deeds, and the Chapter 7 trustee sought to avoid and recover the transfer described in a divorce decree.  The court found the unrecorded divorce decree was effective in dissolving the marriage between the debtor and his ex-wife, but it was *not* effective as a conveyance of the debtor's interests in real property to the debtor's ex-wife as against third parties without notice.  <u>Id.</u> at 593.  The court explained while a purchaser may have learned about the divorce and the debtor's ex-wife's interest in the property by examining the probate court records, records of the probate court are not the equivalent of recording documents with the registry of deeds; as such, purchasers are not obligated to examine probate court records.  *See also* <u>Phillips v. Chandler</u>, 215 B.R. 684 (E.D. Va. 1997) (finding, under Virginia law, the defendant's failure to record a divorce decree rendered any transfer of the property void and left the debtor and the

7

defendant each owning an undivided one-half interest in the property until the decree was recorded); Perlow v. Perlow, 128 B.R. 412 (E.D.N.C. 1991) (looking to North Carolina law and holding a wife's unrecorded equitable interest in marital property was superseded by the trustee under section 544(a)); Lovald v. Claussen (In re Claussen), 387 B.R. 249, 256 (Bankr. D.S.D. 2007) (construing South Dakota law and finding, while it may have been enforceable between the debtor and her ex-husband, an unrecorded divorce decree was not effective against the Chapter 7 trustee in his capacity as a hypothetical judicial lienholder).

Conversely, when a deed is recorded pre-petition, courts have not permitted a Chapter 7 trustee, as a hypothetical bona fide purchaser under section 544(a)(3), to avoid a transfer of property under a pre-petition divorce decree.  For example, in Roost v. Wilber (In re Parker), 241 B.R. 722 (Bankr. D. Ore. 1999), the bankruptcy court found a bona fide purchaser on the petition date would be on notice of a transfer of real property from the debtor to her ex-husband because the divorce decree awarding the real property to the debtor's spouse was recorded in the county property records pre-petition.  See also Anderson v. Conine (In re Robertson), 203 F.3d 855 (5th Cir. 2000) (holding the trustee could not recover separate property of the debtor's former spouse, acquired through a pre-bankruptcy divorce, when the divorce judgment was recorded in the appropriate land conveyance records pre-petition and, therefore, could not be attacked by a bona fide purchaser for value).

While this Court has not considered this exact issue, the Court has found, under Georgia law, a Chapter 7 trustee's strong arm power defeats any unrecorded equitable interest in real estate the debtor's spouse had prior to divorce.  See Anderson v. Briglevich, 147 B.R. 1015, 1021-22 (Bankr. N.D. Ga. 1992).  In Anderson, at the time he filed bankruptcy, the debtor held sole title to real estate and the debtor's spouse had no recorded interest in the properties.  The parties then

8

executed and recorded a divorce decree post-petition that awarded the debtor's ex-wife title to real property. The Court concluded, at the time of bankruptcy, debtor held sole title to the real estate at issue and any interest in specific real estate the debtor's spouse may have claimed as marital property was superseded by the Chapter 7 trustee's powers under section 544(a)(3).

In this case, the Divorce Decree was not recorded in the real property records. No *lis pendens* was filed. Polk has not identified an applicable Georgia statute to indicate the Divorce Decree created any sort of trust enforceable against a hypothetical lien holder. Accordingly, on the petition date, anyone who checked the Debtor's title in the Property would have found the Debtor holding title to the Property with Polk, and no evidence of Polk solely holding title to the Property. There was no actual and no constructive notice to Plaintiff of the Transfer to Polk. Therefore, while the Divorce Decree may be binding upon the Debtor and Polk, it had no effect on their third party creditors, including the Trustee as a hypothetical lien creditor. Accordingly, the Court finds there are no genuine issues of material fact as to Count II of the Amended Complaint. Plaintiff may avoid the Transfer pursuant to section 544(a)(3).

### b. Counts IV & V: Recovery and Preservation of the Avoided Transfer Pursuant to 11 U.S.C. §§ 550 and 551

Plaintiff seeks to recover the Transfer pursuant to section 550 and preserve the Transfer pursuant to section 551. Section 550 authorizes the trustee to recover property, for the benefit of the estate, to the extent a transfer has been avoided under section 544. Under section 551, any transfer avoided under section 544 is preserved for the benefit of the estate. Plaintiff may avoid the Transfer pursuant to section 544(a)(3). Therefore, pursuant to sections 550 and 551, Plaintiff is authorized to recover the avoided Transfer of the Property to Polk and the avoided Transfer is preserved for the benefit of the estate. Plaintiff's Motion as to Counts IV and V of the Amended Complaint is granted.

9

### c. Count VI: Claim for Authority to Sell the Property Free and Clear Pursuant to 11 U.S.C. § 363(h)

Plaintiff also seeks authority to sell real property of the bankruptcy estate free and clear of Polk's liens, claims, and interests pursuant to section 363(h) of the Bankruptcy Code.

Section 363 provides a trustee may sell both the estate's interest in property and a co-owner's interest if the following four conditions are met:

> (1) partition in kind of such property among the estate and such co-owners is impracticable;

> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. §§ 363(f), (h).  Every requirement must be satisfied, and the trustee carries the burden of proof with respect to all of the section 363(h) requirements.  Pullen v. Love (In re Pullen), Case No. 09-61108-MGD, Adv. No. 11-05620, 2013 Bankr. LEXIS 4302, *28 (Bankr. N.D. Ga. Aug. 7, 2013).

First, partition of the Property between the estate and Polk is impracticable.  "Where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds."  Pullen, 2013 Bankr. LEXIS 4302, at *31 (citations omitted); *see also* In re Ivey, 10 B.R. 230, 232 (Bankr. N.D. Ga. 1981) (finding the first condition satisfied where the property was a residence and the co-owners were divorced).  The Property is a single-family home and Polk has admitted partition in kind of the Property is not practicable.  Therefore, the Court finds Plaintiff has satisfied the first prong of section 363(h).

10

Second, Plaintiff must prove the sale of the estate's one-half interest in the Property would recognize significantly less value for the estate than the sale of the property free of the Polk's interest.  "It is widely accepted that a sale of a single family residence subject to a co-owners one-half interest in such property 'chills any prospective purchase of the estate's one-half interest,' and the estate would realize more value from the sale of the co-owner's interest along with that of the estate."  <u>Pullen</u>, 2013 Bankr. LEXIS 4302, at *32 (citations omitted).  Plaintiff asserts the sale of the estate's one-half interest in the Property would recognize significantly less value for the estate than sale of the entire property.  Because Polk's undivided one-half interest chills any prospective purchase of the estate's one-half interest, the Court finds the estate would realize more from a sale free of Polk's interest.  Accordingly, the second element of section 363(h) is satisfied.

Third, Plaintiff must prove the benefit to the estate of a sale of the Property free of Polk's interest outweighs the detriment to Polk.  This prong requires a balancing of the estate's benefit and the co-owner's detriment, but it does not require the estate's benefit to significantly exceed the co-owner's detriment.  <u>Pullen</u>, 2013 Bankr. LEXIS 4302, at *33.  Although the trustee bears the burden of proof on this element, his "initial burden . . . is simply to show that a sale free of the interests of the debtor's co-owners will produce a benefit to the estate" and, "[o]nce that burden is met, the defendants must come forward with evidence of detriment."  <u>Ogier v. Atwater (In re Quinones)</u>, Case No. 16-56100-LRC, Adv. No. 16-05273, 2017 Bankr. LEXIS 3230, at *9 (Bankr. N.D. Ga. Sep. 22, 2017) (citing <u>In re Jenkins</u>, 347 B.R. 77, 86 (Bankr. N.D. Ill. 2006)).

In considering the detriment to a co-owner, the court must consider the economic and non-economic factors.  The court must consider "not only economic hardship, but also any loss, harm, injury, or prejudice proximately following from an involuntary displacement."  <u>Pullen</u>, 2013 Bankr. LEXIS at *33-34.  The detriment to a co-owner may be significant where a sale would

displace the co-owner from her residence or otherwise result in serious hardship.  In re Ocean Blue

Leasehold Prop., LLC, Case No. 07-17999, Adv. No. 07-0791, 2008 Bankr. LEXIS 674 (Bankr.

S.D. Fla. Mar. 7, 2008).

Plaintiff alleges selling the Property would result in a significant benefit to the estate that

far outweighs any detriment to Polk, who would receive one-half of any net sale proceeds.  Polk

does not dispute the Property has value.  Debtor valued the Property at $108,000 at the time she

filed her bankruptcy petition, and Plaintiff alleges the Property has been valued at approximately

$121,785 – $146,040.  Plaintiff filed a report of assets and request to set claim deadline; only one

claim for $14,596.22 was filed by U.S. Bank, N.A.  A sale of the Property would allow the Trustee

to pay the claim, and Polk would also receive one-half of any net sale proceeds.  Polk has not

presented any evidence of detriment.  While he could be displaced by a sale of the Property, he

has not presented any evidence of serious hardship.

Further, Polk has a safeguard – he can purchase the estate's interest in the Property.  Section

363(i) gives a co-owner the right of first refusal to purchase the Property at the price at which the

sale is to be consummated.  11 U.S.C. § 363(i) ("Before the consummation of a sale of property to

which subsection (g) or (h) of [§ 363] applies, . . . the . . . co-owner of such property . . . may

purchase such property at the price at which such sale is to be consummated.").   This

section mitigates potential economic and emotional detriment because it provides Polk a right of

first refusal before Plaintiff can consummate a sale of the Property under section 363(h).  Where

there is equity in the property, the co-owner can also likely secure new financing.  See In re Ivey,

10 B.R. 230, 233 (Bankr. N.D. Ga. 1981).  Here, there is equity in the Property, so financing should

be available if Polk wishes to purchase the Property.

After considering the benefit to the estate and the detriment, both economic and non-economic, to Polk of a sale of the Property, the Court finds the benefit to the estate outweighs the detriment to Polk.  Plaintiff has satisfied the third factor of section 363(h).

Fourth, Plaintiff alleges, and Polk admits, the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.  The final factor of section 363(h) is therefore met.

The Trustee has met his burden and satisfied all of the requirements of section 363(h). Accordingly, the Trustee is authorized to sell both the estate's interest and Polk's interest in the Property pursuant to section 363(h), provided any contract to sell is subject to Court approval, after notice and a hearing, and all liens and ownership interests will attach to the proceeds of the sale.

### d.  Claim for Turnover Pursuant to Section 542

Finally, Plaintiff seeks an order directing turnover of the Property.  Section 542(a) of the Bankruptcy Code provides, "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."  11 U.S.C. § 542.  The Property is not of inconsequential value and is an asset of the estate that may be sold by Plaintiff pursuant to section 363(h).  Accordingly, the Property must be turned over to Plaintiff effective upon Court approval of any sale of the Property.

### IV.    CONCLUSION

The Court finds there are no genuine issues of material fact as to Counts II, IV, V, VI, and VII of the Amended Complaint.  Accordingly,

13

**IT IS ORDERED** the Motion is **GRANTED**.  Judgment in favor of Plaintiff will be entered by separate order.

The Clerk's Office is directed to serve a copy of this order on Plaintiff, Plaintiff's counsel, Debtor, Debtor's counsel, Defendant Polk, and the United States Trustee.

**END OF DOCUMENT**